## NATIONAL BOND & INVESTMENT CO. v. DICKENS.

No. 13913—Opinion Filed Nov. 25, 1924.

**Appeal and Error—Review—Questions of Fact—Conclusiveness of Verdict.**

Where the evidence reasonably tends to sustain the verdict, and when the jury has been properly instructed as to the law, and a motion for new trial has been denied, and the verdict of the jury approved by the trial court, this court will not invade the province of the jury to weigh the evidence and disturb the verdict. Marker v. Gillam, 54 Okla. 766, 154 Pac. 351.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Irma Dickens against National Bond & Investment Company. Judgment for plaintiff, and defendant appeals. Affirmed.

McDonald & Spence and West & Petry, for plaintiff in error.

R. M. Dick, for defendant in error.

Opinion by JONES, C. This is an appeal from the judgment in a replevin action wherein the defendant in error was plaintiff, and plaintiff in error was defendant. The action was to recover a Ford car or the value thereof, to wit, $800. The case was tried to a jury and resulted in a judgment for plaintiff, for the return of the car or its value, which was by the jury found to be $800. The appellant sets forth various assignments of error, but asserts that the case, "turned entirely upon the sufficiency of the evidence to warrant its submission to the jury." And the first

proposition urged in brief is the insufficiency of the evidence to establish a tender alleged to have been made for the balance due the appellant on said Ford car, and further complains of the instruction given by the court on the question of tender, and the error of the court in refusing to give certain requested instructions on this issue.

The record discloses that the plaintiff, Irma Dickens, had some correspondence with the defendant concerning the payment of balance due on said car, and received the following response by the defendant:

"We enclose statement of your account, showing a balance of $284.10, if same is paid on or before July 28th."

On or prior to that date the plaintiff appeared at the Exchange National Bank, where she had formerly made various payments on the series of notes given for said car, and exhibited to the officers of the bank the letter or statement above quoted and offered to pay the amount designated in the statement to the bank. The bank refused to accept the payment and stated that they did not, at that time, have all of the notes in their possession. The court, in substance, instructed the jury that if the plaintiff appeared at the bank and exhibited the statement and offered to pay the amount therein designated, and that if the bank had in their possession the notes evidencing the indebtedness, that the tender would be good, which we think is a correct statement of the law, and fairly submits the issue of fact to the jury.

From an examination of the record, we also find that the court submitted the further question to the jury, as to whether or not the notes offered in evidence were due at the time of the seizure of the car by the defendants, and whether or not the removal of the car by the plaintiff from Tulsa, Okla., to Pawhuska, Okla., was in violation of the terms of the mortgage, or whether any of the provisions of the mortgage had been broken by the plaintiff, authorizing a foreclosure of the mortgage, and instructed the jury that in case they found that such provision of the mortgage had been broken that they should find for the defendant. The jury returned a general verdict in favor of plaintiff for the return of the car or its value, $800, and whether they found that the tender made was sufficient or that no provision of the mortgage had been violated justifying the foreclosure of same, we are unable to say,

and in our judgment there is evidence sufficient to sustain the verdict of the jury.

The record discloses that the car had been driven from Tulsa to Pawhuska by plaintiff, but in view of the fact that she had promptly made all payments due, and had offered to pay the balance due shortly before leaving Tulsa, and for the further reason that the evidence does not disclose that it was the purpose of the plaintiff in driving the car from Tulsa to Pawhuska to take it beyond the reach of the mortgagees, in fact there is no evidence called to the court's attention that the plaintiff was moving to Pawhuska, or was permanently leaving Tulsa, and if there was no intent to violate the provisions of the mortgage, and to permanently remove the car from Tulsa county, where the mortgage was recorded, the facts proven would not necessarily constitute a violation of the provisions of the mortgage. The record contains statements of counsel to the effect that the car was seized in Pawhuska by the officers at the time foreclosure proceedings were instituted, by reason of a charge against the plaintiff for violation of the narcotic law, and while there is no evidence or proof called to our attention as to the final results of this charge, we think in the absence of such proof the plaintiff would be entitled to the presumption of innocence, and the mere seizure of the car based on a complaint would not be sufficient to justify foreclosure proceedings.

Counsel for defendant in error assert that plaintiff was discharged under the complaint, and this statement is not contradicted in any way, and we assume that same is true, and if so a false charge or one not properly founded would not justify foreclosure proceedings.

The questions raised by plaintiff in error are questions of fact which were fairly presented to the jury under the instructions of the court, and following a long line of authorities by this court to the effect that the jurors are the triers of the facts, and when same are fairly submitted by the court under proper instructions, and the evidence is conflicting or where there is evidence reasonably tending to support the findings, or the verdict, of the jury, the judgment based thereon should not be disturbed on appeal. This rule determines the issues in this case, and we therefore recommend that the same be affirmed.

By the Court: It is so ordered.